IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CRIMINAL NO. 6:23-CR- 49 |
| JARED LEWIS CLARKE | § | |

**FACTUAL BASIS**

Investigation by the Federal Bureau of Investigation disclosed the following facts that establish that I, the defendant, **Jared Lewis Clarke,** committed the conduct described in Count 1 of the Information, which charges a violation of 18 U.S.C. § 371 (conspiracy to commit wire fraud). I agree that the following factual basis is true and correct:

1. At all times relevant to this Information:

    a. Tanos Exploration II LLC (Tanos) was an independent oil and natural gas company, primarily providing exploration and drilling services in East Texas. Tanos's primary offices were located in Smith County, Texas.

    b. I was a co-owner of Walton Mosher Royalty Company (WMRC). WMRC was a Delaware company created by my Co-Conspirators and me to purchase mineral and royalty interests and lease them for oil and gas production.

    c. "Thomas Fowler" was a fictitious individual created by WMRC to deal with third parties. WMRC used Thomas Fowler to deal with Tanos so that employees at Tanos would not know that my Co-Conspirators and I were the owners of WMRC.

2. The Co-Conspirators and I created a scheme to obtain proprietary and confidential information from Tanos through Co-Conspirator 1, who was employed at Tanos as a senior landman. I admit that the information we obtained, and attempted to obtain, included "trade secrets" as that term is defined at Tex. Civ. Prac. & Rem. Code § 134A.002. Our purpose in obtaining this information was to use it to procure mineral interests in areas where Tanos had oil and gas production operations and then obtain royalty interests from Tanos. The information included identities of individuals who owned mineral interests that Tanos was interested in procuring, and information about moneys held in suspense related to those interests.

3. In support of the conspiracy, and to effect its objectives, the Co-Conspirators or I committed the following acts:

   a. On or about October 17, 2019, Co-Conspirator 1, using a cellular telephone, texted one of the co-conspirators about information Co-Conspirator 1 received from an employee at Tanos, specifically, that Bank of Oklahoma Financial (BOK), located in Tulsa, Oklahoma, was managing a trust and that the trust properties include mineral interests in an area where Tanos had active oil and gas drilling operations. BOK had inquired whether Tanos was interested in acquiring the mineral interests. The information was provided to Co-Conspirator 1 for the purpose of determining whether Tanos should consider acquiring the proffered mineral interests.

   b. On or about October 21, 2019, one of the Co-Conspirators, representing himself as "Thomas Fowler," on behalf of WMRC, contacted BOK using

  email in interstate commerce about purchasing the interests. "Thomas Fowler" was a fictitious alias created by Co-Conspirators 2, 3, and 4, and me. BOK provided information about the interests that Co-Conspirator 1 had learned about from a Tanos employee.

 c. On or about October 25, 2019, one of the Co-Conspirators, representing himself as "Thomas Fowler," using a cellular telephone, contacted one of the parties identified by BOK as having overriding royalty interests for sale.

 d. Between on or about October 29, 2019, and December 12, 2019, one or more of the Co-Conspirators acquired the interests on behalf of WMRC.

 e. On or about December 9, 2019, and January 21, 2020, one or more of the Co-Conspirators, acting as "Thomas Fowler," in an email, forwarded to Tanos copies of deeds reflecting WMRC's acquisition of the overriding royalty interests.

4. I admit that as a result of these acts, WMRC was able to prevent Tanos from acquiring the interests referenced in paragraph 3, and WMRC was able to acquire those interests. WMRC then received payments held in suspense by, and continuing royalty payments from, Tanos related to the interests.

5. I admit that the conspiracy was effected through the use of transmission by means of wire communication in interstate commerce, including the use of cellular telephones and other digital devices for texting, voice calls, and email.

6. I admit that the loss to Tanos was $110,000, and that restitution should be ordered in that amount. I also agree to a forfeiture order in the amount of $22,000, representing proceeds I received from the scheme.

7. I am pleading guilty to Count 1 in this case because I am guilty of the violation alleged. I have had an opportunity to consult with an attorney and I am satisfied with the advice and counsel provided to me. I acknowledge that these acts violated 18 U.S.C. § 371. I hereby stipulate that the facts described above are true and correct, and I accept them as the uncontested facts of this case.

Dated: 3/30/23

JARED LEWIS CLARKE
Defendant

I have reviewed this Factual Basis with the defendant. Based on these discussions, I am satisfied that he understands the terms and effect of the Factual Basis and that he has signed it voluntarily.

Dated: 3/30/23

AARON L. WILEY
Attorney for Defendant

4